## TRANSCONTINENTAL GAS PIPE LINE CORP. v. GAULT et al.

### No. 6416.

United States Court of Appeals Fourth Circuit.

Argued June 16, 1952.

Decided July 29, 1952.

Harrison L. Winter and Clarence W. Miles, Baltimore, Md. (Seymour O'Brien, Baltimore, Md., William H. Davidson, Jr., Houston, Tex., and Miles, Walsh, O'Brien & Morris, Baltimore, Md., on brief), for appellant.

John L. Clark, Ellicott City, Md., and Paul F. Due, Baltimore, Md. (B. Conway Taylor, Jr., Baltimore, Md., on brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

## PER CURIAM.

The owners and occupants of substantial residence and farm properties in Howard County, Maryland, situated about fifteen miles from Baltimore and five miles from Ellicott City, the county seat, sought an injunction in this case to restrain Transcontinental Gas Pipe Line Corporation from operating a compressor gas station located in the nearby country side in such a manner as to constitute a public nuisance. The corporation is a natural gas company engaged in the transmission of natural gas from Texas to New York and the compressor station with nineteen others of like character is necessary to secure the flow of the gas in its interstate journey. The station was erected with the authority of the Federal Power Commission at great cost on a twenty-four acre tract of land acquired for the purpose.

The complainants are owners of nearby residences of substantial character and cost, which were erected some years prior to the erection of the "booster" plant; and the noise and vibration proceeding therefrom have greatly disturbed them in the enjoyment of their homes. The District Judge found after an extended hearing that their complaints were justified. See Gault v. Transcontinental Gas Pipe Line Corp., D.C.Md., 102 F.Supp. 187.

The company defended on the ground that the station was necessary to the performance of an important public service and that it had been designed and constructed under the direction of experienced and efficient engineers and that it was being operated in a prudent careful manner and without unnecessary noise and vibration. Nevertheless the corporation made a careful investigation of the complaints when they first arose and at some additional expense made certain changes in the plant which reduced somewhat the annoying effects of the operation.

The witnesses for the complainants testified from their personal experience as to the noise and vibration and they were corroborated to some extent by the testimony of an engineer who had had experience in testing air craft engines and in the erection of a super-sonic wind tunnel. The corporation, on its part, undertook to estimate the annoyance by the use of sound measuring instruments and depended in great part upon the readings of the instruments to support their contention that the noise from the plant was not of the intensity described. The corporation also offered testimony tending to show that the plant was constructed in the most approved manner and that no further improvement was possible with the expenditure of any reasonable sum of money.

After careful consideration of the evidence, the judge reached the conclusion that the personal experiences of the occupants of the neighboring properties were much more weighty and persuasive than the mechanical sound measuring devices, and also that further changes and improvements in the plant to eliminate the harmful effects could be made without undue expense.

Specifically, the judge made the following ultimate findings of fact:

"8. As an ultimate fact I find that the noise and vibration emanating from the defendant's plant has substantially and materially and prejudicially affected the plaintiffs' reasonable and comfortable enjoyment of their residence properties and has also materially diminished their marketable value.

"9. I also find from the evidence that there are additional improvements and changes which can reasonably and without comparatively undue cost, be made by the defendant which, considering the expert evidence as a whole both for the plaintiffs and the defendant, can reasonably be expected to result in a material diminution of the noise and vibration nuisance experienced by the plaintiffs."

We are in accord with these findings of fact and approve of the judgment of the court that the complainants were entitled to an injunction on certain definite conditions, to wit: (1) that the injunction be not operative until June 1, 1952 on condition that the defendant promptly and with all due diligence make further improvements and changes in the plant in order to lessen the noise, vibration and other harmful effects; and (2) that if by May 1, 1952 the defendant should conclude that it had exhausted all reasonable efforts to accomplish these results, it could report to the court and ask for a hearing to determine the fact, and if the court should then find that the harmful effects could not be materially reduced and still constitute a substantial impairment of the complainants' rights, consideration could be given to a determination of what other relief, such as pecuniary damages, should be awarded in lieu of injunction. From this judgment the present appeal was taken.

Upon the facts found by the District Judge this judgment was in accordance with the law of Maryland which in an ordinary case permits an injunction against noise, lights and other annoyances, but is subject to the important exception that a quasi public corporation cannot be subjected to an injunction for the performance of acts necessary to the exercise of its lawful authority, even though, in the absence of such authority, an injunction would lie. In such case, however, money damages may be awarded injured parties for the damages suffered by them from the continuance of the operations of the corporation. Five Oaks Corp. v. Gathmann, 190 Md. 348, 58 A.2d 656, Meadowbrook Swimming Club v. Albert, 173 Md. 641, 197 A. 146; Northern Central R. Co. v. Oldenburg & Kelley; 122 Md. 236, 89 A. 601.

The judgment of the District Court will therefore be affirmed; but in order that the public interest may not suffer, the operative effect of the injunction will be stayed and the case remanded for further proceedings, in which at such time and place as the District Judge may prescribe, the corporation may have an opportunity to present additional testimony to show that it has taken all reasonable steps to correct the annoyances resulting from the operation of its plant; and if it is shown that such steps have been taken, the injunction will be dissolved and the court shall proceed to take testimony to determine the actionable damages, if any, suffered by the complainants under the law of Maryland and render a judgment accordingly; but if the company fails to make the showing indicated, then the injunction shall be reinstated and made effective and in addition such damages may be awarded the complainants as may be proper under the law of Maryland.

Affirmed and remanded for further proceedings.